**Prem SINGH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–71586.

INS No. A71–900–178.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001 *.

Decided Nov. 14, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BROWNING, KLEINFELD, and McKEOWN, Circuit Judges.

MEMORANDUM **

Prem Singh, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of Singh's application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a), 1253(h). Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We grant the petition for review.

■ Where, as here, the BIA did not merely adopt the IJ's decision but conducted an independent review, "our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir.1998) (citation omitted). We review the BIA's factual findings for substantial evidence. *Singh v. Ilchert*, 63 F.3d 1501, 1506 (9th Cir.1995).

The BIA did not disturb the IJ's finding that Singh was credible and specifically disapproved of the physical mistreatment Singh allegedly received from the police. Because the issue before us does not involve questions of proof but "whether the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

harm the respondent fears is on account of 'political opinion'.... [r]esolution of [the] matter involves a question of law, [and] we review the decision of the BIA de novo." *Id.* (brackets in original) (citations omitted).

■ The BIA majority mistakenly found that neither Singh's asylum application nor his testimony asserted that he was arrested and persecuted because the police believed him to be a militant Sikh. Singh testified that while the police beat him during his detention in 1982, they accused him of being associated with the militants, and while they beat him during his detention in 1984, they referred to Khalistan, the state the militant Sikhs hope to found in the Punjab after seceding from India (AR 61, 62, 71). These references by the police are evidence that the police's interest in Singh was motivated by more than a legitimate criminal investigation, and lead to the presumption that the police had an additional, political motivation. *See id.* at 1509 ("persecutory conduct may have more than one motive, and so long as one motive is one of the statutorily enumerated grounds, the requirements have been satisfied"); *accord Borja v. INS*, 175 F.3d 732, 735 (9th Cir.1999) (en banc). The BIA's factual findings are not, therefore, supported by substantial evidence. Consequently, the BIA erred by concluding that Singh had not established the requisite nexus between his persecution and the political opinion imputed to him by the police. *See Singh*, 63 F.3d at 1509–10.

■ Because the record evidence supports the conclusion that Singh suffered past persecution on account of political opinion, he is entitled to the presumption that he has a well-founded fear of future persecution. *See id.* at 1510. The record evidence of country conditions introduced by the INS does not satisfy the particularized showing of changed conditions that our case law requires to rebut this presumption. *See Navas v. INS*, 217 F.3d 646, 657, 662 (9th Cir.2000). Moreover, with respect to relocation, Singh credibly testified that, after he relocated to Delhi, Punjabi police attempted to find him there. *See Singh*, 63 F.3d at 1511–12 (noting India has national police force with ability to operate throughout country). The 1994 Country Conditions report in the record states that "[t]he Punjab Police maintain offices in several other states in order to pursue Sikh militants." Singh has further met the "clear probability of future persecution" standard required for withholding of deportation. *See Navas*, 217 F.3d at 663. We therefore hold that Singh is statutorily eligible for asylum and withholding of deportation. *See id.* at 662–63.

We deny Singh's request for attorney's fees pursuant to 28 U.S.C. § 2412 without prejudice to renewal upon proper application. *See* 28 U.S.C. § 2412(d); Ninth Circuit Rules 39–1 and 39–2.

PETITION FOR REVIEW GRANTED; REMANDED for the exercise of the Attorney General's discretion with respect to the asylum claim, and for the grant of withholding of deportation.